UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS MICHAEL THOMAS,<br><br>      Plaintiff,<br><br>    v.<br><br>L. JOHNSON, et al.,<br><br>      Defendants. | No. 2:21-cv-01657-CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On December 13, 2021, the court screened plaintiff's complaint and dismissed it with leave to amend. ECF No. 4. Plaintiff's first amended complaint is now before the court for screening. ECF No. 11.

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

I. **Allegations in the First Amended Complaint**

At all times relevant to the allegations in the amended complaint, plaintiff was an inmate at Folsom State Prison. While waiting in the pill line on November 23, 2019, plaintiff was verbally threatened by defendant Johnson who told him to "move or I will hit you." ECF No. 11 at 5. Plaintiff exchanged words with her prompting defendant Johnson to request additional staff assistance. ECF No. 11 at 5.

Defendant Moulton arrived and ordered plaintiff to turn around so that he could be handcuffed. Id. Defendant Oseguera then placed plaintiff in handcuffs. Id. Oseguera escorted plaintiff to a holding cell where he searched plaintiff and then sprayed him with pepper spray when he was not a threat to anyone. Id. According to the amended complaint, defendant Oseguera administered the pepper spray in a malicious and sadistic manner for the purpose of causing him harm. Id. In order to cover up this use of excessive force, Oseguera made false statements and issued plaintiff a Rules Violation Report ("RVR") for willfully resisting a peace officer. ECF No. 111 at 109-112. Plaintiff further alleges that Oseguera confiscated his identification card in order to prevent him from using the shower for a week to reduce the effects of the pepper spray. ECF No. 111 at 5.

Plaintiff further alleges that defendants Welch, Zamora, Miller, Kestner, Jones, Moulton, and Rebeterano were present and failed to protect him from this use of excessive force. Id. at 40, 44, 46, 49, 51, and 54. These same defendants engaged in a conspiracy to fail to protect him from harm because they all had a conversation while he was in the holding cell.

Defendant Benedyuk reviewed the RVR in his supervisory capacity and just looked the other way even though it was false. ECF No. 111 at 70. Plaintiff alleges that various supervisory defendants reviewed the incident report related to the November 23, 2019 incident and did not correct the false information contained in it. Various other defendants engaged in a conspiracy to cover up the excessive use of force.

At the disciplinary hearing for the RVR, plaintiff alleges that defendant Banke, who was the hearing officer, refused to allow him to call witnesses. ECF No. 111 at 57. Defendant Lucatero, who was assigned as the Investigative Employee for the RVR, also failed to bring any

2

witnesses to the disciplinary hearing. ECF No. 111 at 66. After plaintiff was found guilty of the disciplinary violation, defendant Loften told him that he could not use the phone on February 8, 2019 even though his loss of privileges had expired. ECF No. 111 at 68.

At plaintiff's subsequent parole suitability hearing on July 23, 2020, defendant Ruff, who was one of the parole commissioners, denied plaintiff parole based on this RVR. ECF No. 111 at 92.

By way of relief, plaintiff seeks declaratory judgment, compensatory and punitive damages, as well as injunctive relief.

## II.     Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in the amended complaint.

### A.     Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B.     Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between

the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

**C.     Civil Conspiracy**

To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights. Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy. Id. "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

**D.     Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

/////

### E. False Reports

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140– 41 (7th Cir. 1984). An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right. See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

### F. Due Process

The Due Process Clause of the Fourteenth Amendment protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnel, 418 U.S. 539, 563–71 (1974). As long as the five minimum Wolff requirements are met and there is some evidence in the administrative record to support the decision of the hearing officer, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Superintendent v. Hill, 472 U.S. 445, 455 (1985).

/////

/////

**III.   Analysis**

After conducting the required screening, the court finds that plaintiff may proceed on the excessive force claim against defendant Oseguera and the failure to protect claim against defendants Welch, Miller, Zamora, Kestner, Jones, Moulton, and Rebeterano, all pursuant to the Eighth Amendment.  Plaintiff has also properly alleged a procedural due process violation against defendant Banke for refusing him witnesses at his disciplinary hearing.

The failure to protect allegations against defendants Banke, Benedyuk, Sheufelt, Zahayla, Hill, Lee, Diaz, and Allison are all based on their supervisory capacity.  However, this is not a sufficient factual basis to rest liability in a § 1983 action.  See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  As there are no allegations that these defendants personally participated in the use of excessive force against plaintiff on November 23, 2019, he has failed to state a claim against them.

With respect to the verbal threat by defendant Johnson, this does not rise to the level of an Eighth Amendment violation.  See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).  Therefore, the amended complaint fails to state a claim against defendant Johnson.

The allegations that defendant Oseguera took plaintiff's identification does not state a claim of retaliation because plaintiff does not allege that this resulted in the chilling of his First Amendment rights.  See Rhodes, 408 F.3d at 567-68.  The additional claims of retaliation by defendants Castro and Loften suffer from the same defect.

As to the general over-arching conspiracy claim alleged against the majority of the defendants, plaintiff must plead specific facts showing an agreement or meeting of the minds between the defendants to violate his constitutional rights.  ECF No. 4 at 5 (citing Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989)).  In an effort to do so, plaintiff states that there was a conversation between multiple defendants after he was transported to the holding cell.  However, plaintiff never describes the substance of this conversation.  He merely assumes that defendants used this time to reach an agreement to fail to protect him from the ensuing use of pepper spray against him.  The undersigned finds that plaintiff has properly plead an Eighth Amendment failure to protect claim against these defendants, but not a separate conspiracy claim

1  based on the same facts. The additional conspiracy claims against the remaining defendants are
2  completely conclusory and therefore fail to state a claim upon which relief may be granted.
3        Plaintiff does not allege a cognizable claim against defendants who allegedly wrote false
4  reports about him because there is no allegation that they were written in retaliation for plaintiff's
5  prior grievances or other protected conduct. Accordingly, plaintiff fails to state a cognizable
6  claim against defendants Oseguera and Barnes based on the issuance of false reports.
7        The procedural due process claim against defendant Lucatero is based on his assignment
8  as the Investigative Employee for plaintiff's RVR. ECF No. 111 at 66. The attachments to the
9  amended complaint indicate that defendant Lucatero asked designated witnesses the questions
10 that plaintiff had requested prior to the RVR hearing. Therefore, there is not a sufficient factual
11 basis supporting plaintiff's due process claim against defendant Lucatero.
12       The only claim against defendant Ruff is based on his role as a parole commissioner.
13 However, in Sellars v. Procunier, 641 F.2d 1295 (9th Cir. 1981), the Ninth Circuit addressed the
14 question of whether parole board officials are entitled to qualified or absolute immunity from
15 civil rights suits. The court considered the fact that "absolute immunity for parole board officials
16 does leave the genuinely wronged prisoner without civil redress against the official whose
17 malicious or dishonest actions deprive the prisoner of liberty." Id. at 1303. But the court
18 reasoned that because "parole board officials perform functionally comparable tasks to judges
19 when they decide to grant, deny, or revoke parole" the broader public interest would best be
20 served by granting parole board officials the absolute immunity given to judges, in order to keep
21 them free from fear of litigation. Therefore, defendant Ruff is absolutely immune from suit based
22 on his role in plaintiff's parole suitability hearing.
23       Based on these deficiencies in the remaining claims and defendants, plaintiff will be
24 granted leave to file a second amended complaint should he decide that he does not want to
25 immediately proceed on the Eighth Amendment claims found cognizable in this screening order.
26       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
27 complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.
28 Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in

specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the amended complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the excessive force claim against defendant Oseguera, the failure to protect claim against defendants Welch, Kestner, Zamora, Miller, Jones, Mouton, and Rebeterano, and the procedural due process claim against defendant Banke; or, (2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants.  Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next.  If you do not return this Notice, the court will construe this failure as consent to dismiss the deficient claims and will order service of the complaint only on the claim found cognizable in this screening order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the excessive force claim against

defendant Oseguera, the failure to protect claim against defendants Welch, Kestner, Zamora, Miller, Jones, Mouton, and Rebeterano, and the procedural due process claim against defendant Banke.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened amended complaint or whether he wants time to file a second amended complaint.

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified in this screening order.

Dated:  October 13, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/thom1657.option.docx

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS MICHAEL THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>L. JOHNSON, et al.,<br><br>    Defendants. | No.  2:21-cv-01657-CKD<br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_     Plaintiff wants to proceed immediately on the excessive force claim against defendant Oseguera, the failure to protect claim against defendants Welch, Kestner, Zamora, Miller, Jones, Mouton, and Rebeterano, and the procedural due process claim against defendant Banke. Plaintiff voluntarily dismisses the remaining claims and defendants.

\_\_\_\_\_     Plaintiff wants time to file a second amended complaint.


DATED:


                                                              _____
                                                                         Plaintiff