UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OTIS MICHAEL THOMAS,

Plaintiff,

v.

L. JOHNSON, et al.,

Defendants.

No. 2:21-cv-1657 CKD P

ORDER

Plaintiff is a California prisoner proceeding pro se. On December 13, 2021, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1983. The complaint was dismissed for failure to state a claim. Among other things, the court noted that plaintiff had identified 21 defendants, yet plaintiff failed to point to facts suggesting 19 defendants had participated in a violation of plaintiff's rights in any actionable way. Plaintiff was granted leave to file an amended complaint and plaintiff was provided with the following guidance:

> If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official

participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff filed an amended complaint and on October 13, 2022, and the court screened that pleading. Plaintiff was given the option of proceeding on certain claims against nine defendants, or of filing a second amended complaint to attempt to cure the defects with the remaining claims and defendants. Plaintiff elected to file a second amended complaint rather than proceed on the claims found cognizable in the court's screening order. ECF No. 14.

On November 28, 2022, plaintiff filed a second amended complaint that is nearly identical to the first amended complaint. ECF No. 17. The court dismissed the second amended complaint with leave to file a third. With respect to the second amended complaint, the court found as follows:

> Rather than fix the deficiencies identified in the court's prior screening order, plaintiff simply refiled a nearly identical copy of his first amended complaint against twenty-two defendants. Based on his failure to comply with the court's screening order, the second amended complaint must be dismissed. The court will, however, grant plaintiff leave to file a third amended complaint, but it must be **limited to no more than 25 pages in length including exhibits**.

On June 20, 2023, plaintiff filed a motion for leave to exceed the 25-page limit. On June 23, before the court could rule on the motion, plaintiff filed a third amended complaint which is 32 pages which is mostly handwritten with small print. If the complaint were type-written and double spaced, the third amended complaint would be approximately 40 pages.

Plaintiff does not establish good cause in his request to exceed the page limit for the court to grant that request. Among other things there are still 22 defendants named in the third amended complaint despite the court's admonitions concerning linkage between a defendant and a violation of rights. Plaintiff's third amended complaint is not "short and plain" as required under Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, plaintiff's request to exceed the 25-page limit with respect to his third amended complaint will be denied and the third amended complaint will be stricken. Plaintiff will be given leave to submit a third amended complaint which is less than 25 pages and which complies with the court's prior screening orders.

In sum, plaintiff has submitted four different pleadings to the court for screening. Three of those pleadings were not acceptable despite recommendations and guidelines provided to plaintiff by the court in screening orders, and plaintiff elected not to proceed on the only pleading that was acceptable. If plaintiff cannot submit an acceptable pleading in response to this order, the court may dismiss the pleading without leave to amend. At some point the amendment process becomes futile if plaintiff refuses to comply with court orders regarding the contents of his pleadings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to exceed the 25-page limit with respect to his third amended complaint (ECF No. 20) is denied;

2. Plaintiff's third amended complaint is stricken;

3. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint limited to 25 pages total with normal spacing and print size. The third amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. Plaintiff is warned that his failure to file a third amended complaint in accordance with this order, may result in a recommendation that this action be dismissed.

Dated: November 8, 2023

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
thom1657.stk